## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ANDERSON DIVISION

| | |
|---|---|
| Phillip Morris, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | **COMPLAINT** |
| ) | **Class/Collective Action** |
| v. ) ) | **(JURY TRIAL DEMANDED)** |
| Southern Concrete and Construction, Inc., and Kelly Boulware, ) ) ) | |
| Defendants. ) ) | |

NOW COMES the Plaintiff, by and through his undersigned counsel, and alleges as follows:

### INTRODUCTION

1. Phillip Morris, individually and on behalf of all similarly situated employees ("Plaintiff"), brings this Class/Collective action lawsuit against Southern Concrete and Construction, Inc., and Kelly Boulware (collectively "Defendants") seeking to recover for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and the South Carolina Wages Act, S.C. Code Ann. §§ 41-10-10 to 110.

### JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under, 28 U.S.C. § 1331, 29 U.S.C. §§ 216-217 and supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391, and 29 U.S.C. §§ 216-217.

1

## PARTIES

4. Defendant Southern Concrete and Construction, Inc. ("Southern Concrete") is a corporation that owns and operates a construction business that performs work across the Southeast. Southern Concrete's primary place of business is located within this District at 1101 Trammell Road, Anderson, South Carolina 29621.

5. Southern Concrete has been certified a Disadvantaged Business Enterprise ("DBE") pursuant to 49 C.F.R. Part 26 on account Defendant Kelly Boulware ("Boulware"), a female, controlling the day-to-day operations of the business.

6. Boulware is an "employer" under the FLSA based upon her supervisory authority over all of the employees of the company, the company's daily operations, her ability to make hiring and firing decisions, her control over the amount of pay her employees receive, and her authority over scheduling and directing the employees' daily assignments.

7. Plaintiff Phillip Morris is an African-American male who is eligible to work in this country. Plaintiff Morris is a resident of Anderson County.

8. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to be a party to the FLSA claims asserted in this action, and Plaintiff's signed consent form is attached. (See Exhibit A – Plaintiff's Consent to Sue Form).

## FACTS

9. Plaintiff was hired by Defendants in 2011 as a concrete finisher. During the entirety, (end of 2014), of Plaintiff's employment with Defendants, he performed work as a concrete finisher and was paid an hourly rate of $10.00 and an overtime rate of $15.00 per hour[1].

---

[1] During the entirety of the Plaintiff's employment, Defendants performed construction jobs for the Federal Government which were subject to the prevailing wage requirements of the Davis-

10. During much of Plaintiff's employment, he was required to travel out of state to perform his work.

11. As part of Plaintiff's work assignments, Defendants required he and a work crew consisting of approximately six to eight individuals to report to their shop between 5:00 a.m. – 7:00 a.m. each Monday morning to acquire the necessary tools and equipment, and load the work truck(s), to perform that particular week's assignments.

12. After the Plaintiff and the work crew finished loading the tools and equipment, they would depart from Defendants' shop in Anderson, South Carolina, i.e., ("The Shop") and travel to that week's work destination in the work truck(s) and begin performing their work.

13. Typically on Fridays, after they completed that week's assignments, Plaintiff and the work crew would load the tools and equipment back on the work truck(s) and depart back to The Shop. Upon arriving at The Shop, Plaintiff and the work crew were required to unload the tools and equipment from the work truck(s).

14. Defendants failed to pay Plaintiff and the work crew any monies for the travel time going back to The Shop, and the time it took to unload the work truck(s).

15. Plaintiff and the work crew were always required to report back to The Shop after working at the job site in order to return Defendants' truck(s) and equipment before retrieving their own personal vehicles to drive home.

16. At no time did Plaintiff ever perform any executive, administrative, or professional duties that would weigh in favor of an exempt salaried employee.

---

Bacon Act 40 U.S.C. 276a *et. seq.* Defendants failed to pay Plaintiff wages that even met the prevailing wage requirements of a general laborer.

17. Nor could Plaintiff be classified as an independent contractor; and therefore, is subject to the Fair Labor Standards Act's ("FLSA") minimum wage and overtime requirements.

18. Plaintiff worked for Defendants on a full time and continuing basis; Plaintiff did not sell or advertise his services to the general public or work as a contractor for anyone other than the above named Defendants.

19. Plaintiff had no control over the manner and method by which they were paid.

20. Defendants retained the right to discharge Plaintiff without cause.

21. Plaintiff had no opportunity for profit and no risk of loss.

22. Plaintiff is clearly not exempt from the FLSA's minimum wage and overtime requirements.

## SUMMARY OF CLAIMS
*FLSA & S.C. Wage Payment Act Collective/Class Claims*

23. Plaintiff brings this action as a collective action to recover unpaid wages, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

24. In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former employees who have worked for the Defendant in the capacity of a General Laborer within the statutory period covered by this Complaint, and who elect to opt-in to this action pursuant to FLSA, 29 U.S.C. § 216(b) ("Collective Class").

25. In addition, Plaintiff also brings this action as a state class action to recover unpaid wages pursuant to South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10 to 110 ("PWA").

26.     Defendants have willfully committed widespread violations of the FLSA and South Carolina Wages Act by engaging in a pattern, practice, and policy of failing to pay employees minimum wages for all hours worked and proper overtime wages.

27.     In addition to the Collective Class, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former General Laborers who have worked for Defendants in the state of South Carolina during the statutory period covered by this Complaint ("SC Class").

28.     Plaintiff alleges on behalf of the Collective Class and SC Class that Defendants violated Federal and South Carolina state laws by, *inter alia*:

(i) failing to pay Plaintiff at least minimum wage for all hours of work he completed; and

(ii) improperly denying to pay all "wages" that were required and that have become due and owed.

### **FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS**
**(Collective Class)**

30.     Plaintiff, on behalf of himself and the Collective Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth herein.

31.     At all relevant times, Defendants have had gross revenues in excess of $500,000.00.

32.     At all relevant times, Defendants have been, and continue to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33.     At all relevant times, Defendants have employed, and/or continue to employ, each of the Collective Class members within the meaning of FLSA.

34.     Defendants failed to pay any wages to Plaintiff for the compensable time spent traveling from the work destination back to The Shop, and the compensable time unloading the work truck(s).

35.     The travel time back to The Shop and unloading of work truck(s) were, and still are, a principal activity of Plaintiff's employment in that such were an integral and indispensable part of employment and not simply postliminary to the work performed.  Plaintiff had to return the Defendants' equipment and tools so the next job could be performed before anyone was allowed to go home.  As such, this time was compensable, and Plaintiff was deprived of minimum wage for this time.

36.     The travel time back to The Shop and unloading the work truck(s) should not have been exempted from compensable time under the Portal-to-Portal Act of 1947, 29 U.S.C. 251 *et seq*.

37.     Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq*.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

38.     Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the members of the Collective Class, is entitled to recover from the Defendants compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT OVERTIME WAGE VIOLATIONS
**(Collective Class)**

39.     Plaintiff, on behalf of himself and the Collective Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth herein.

40. At all relevant times, Defendants have had gross revenues in excess of $500,000.00.

41. At all relevant times, Defendants have been, and continue to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42. At all relevant times, Defendants have employed, and/or continue to employ each of the Collective Class members within the meaning of FLSA.

43. At all relevant times in the period encompassed by this Complaint, Defendants had and maintained a willful policy and practice of refusing to pay minimum wage for all hours worked. By failing to pay for every hour worked, it is inevitable that during certain weeks of employment Plaintiff would have been denied overtime payments or shorted such payments when he worked in excess of forty (40) hours per workweek.

44. Defendants have violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq*. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

45. Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the members of the Collective Class, is entitled to recover from the Defendants compensation for unpaid wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

## THIRD CLAIM FOR RELIEF
## SOUTH CAROLINA PAYMENT OF WAGES ACT
**(SC Class)**

46. Plaintiff, on behalf of himself and the members of the SC Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

47. At all relevant times, Defendants have employed, and/or continue to employ, Plaintiff and each of the SC Class Members within the meaning of the South Carolina Payment of

Wages Act, S.C. Code Ann. §§ 41-10-10 to 110 ("PWA"). Plaintiff and the SC Class members are "employees" and are not free from the control and direction of Defendants.

48. Plaintiff and the SC Class worked for Defendants with the clear understanding and agreement by Defendants that their compensation would be consistent with all applicable laws, including federal and state wage and hour laws.

49. Pursuant to the PWA, "[a]n employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law. . . ." S.C. Code Ann. § 41-10-40(C).

50. Further, "any changes [to] the terms [of wages] must be made in writing at least seven calendar days before they become effective." S.C. Code Ann. § 41-10-30(A).

51. Accordingly, Plaintiff and the members of the SC Class are entitled to receive all compensation of "wages" due and owing to them.

52. As a result of Defendants' unlawful policies and practices as set forth above Plaintiff and the members of the SC Class have been deprived of "wage" compensation due and owing which Defendants promised to pay in their commitment to abide by applicable wage and hour laws and in violation of the PWA's mandate that no wages be withheld or diverted unless required or permitted under applicable law.

53. Defendants have set and withheld wages of the Plaintiff and SC Class members without providing advance notice of such amounts and absent any lawfully sufficient reason for such conduct.

54. As a direct and proximate result of Defendants' conduct, Plaintiff and the SC Class have suffered substantial losses and have been deprived of compensation to which they are entitled,

including monetary damages in the amount of three (3) times the unpaid wages as well as costs and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, individually and on behalf of all other similarly situated members of the Collective Class and members of the SC Class, prays that the Court grant the following relief:

- A. Designation of this action as a collective action on behalf of the Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);
- B. Designation of the action as a class action under Fed. R. Civ. P. 23 on behalf of the SC Class;
- C. Appointment of the undersigned as Class Counsel;
- D. Find that Defendants' FLSA violations were willful;
- E. A declaratory judgment that the Defendants misclassified their employees and their rates of pay, therefore committed practices that are unlawful under law;
- F. An injunction against Defendant and its officers, agents, successors, employees, representative and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein in the future;
- G. For *disgorgement* of revenues, profits and money unjustly earned from the unlawful practices;

H.  An award of unpaid minimum/(prevailing) wages to Plaintiff and the members of the Classes;

I.  An award of unpaid overtime wages to Plaintiff and the members of the Classes;

J.  Restitution of wages improperly retained by Defendants;

K.  An award of liquidated damages to Plaintiff and members of the Classes;

L.  An award of treble damages to Plaintiff and members of the Classes to the extent permitted by S.C. Code Ann. § 41-10-80(C);

M.  An award of costs and expenses of this action together with reasonable attorneys' fees; and

N.  Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

S/ John G. Reckenbeil
John G. Reckenbeil, Fed I.D. No. 7671
Lawrence E. McNair, III, Fed I.D. No. 11723
LAW OFFICE OF JOHN RECKENBEIL, LLC
215 Magnolia Street (29306)
Post Office Box 1633
Spartanburg, South Carolina 29304
Phone: (864) 582-5472
Fax: (864) 582-7280
Email: john@johnreckenbeillaw.com

S/J. Bradley Bennett
J. Bradley Bennett, Fed ID No. 8011
Jessica Salvini, Fed ID No. 8019
SALVINI & BENNETT, LLC
101 W. Park Avenue
Greenville, SC 29601
Phone: (864) 232-5800
Email: salvini_bennett@yahoo.com

ATTORNEYS FOR PLAINTIFF

Dated: May 5, 2016
Spartanburg, South Carolina