IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Phillip Morris, individually and on behalf of all others similarly situated, | ) CA No. 8:16-cv-01440-AMQ<br>)<br>) |
| Plaintiffs, | )<br>) **ORDER AND OPINION** |
| vs. | )<br>) |
| Southern Concrete and Construction, Inc., and Kelly Boulware, | )<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the Motion to Dismiss Non-Participating Class Members of Defendants Southern Concrete and Construction. (ECF No. 74) For the reasons set forth below, the Court hereby grants Defendants' Motion and dismisses the non-participating class members.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Plaintiff filed this Complaint on May 5, 2016. (ECF No. 1) Plaintiff moved to certify a class on October 19, 2016. (ECF No. 14) On December 16, 2016, United States District Judge Timothy Cain issued a stay of this case based on Plaintiff being hospitalized and experiencing a serious health condition. (ECF No. 26) Following the expiration of the stay, the Court held a hearing on Plaintiff's motion to certify the class on May 25, 2017. (ECF Nos. 35 and 37) The parties subsequently filed a consent motion for conditional certification and the Court granted conditional certification. (ECF Nos. 42 and 44) Plaintiff's counsel thereafter sent class notice letters and the following twenty-seven individuals joined the conditional class: John Bassi, Aaron Fisher, Jamie

1

Golden, Frederickus Green, Rodney Isaac, Chadwick Jones, Wayne Jones, Clyde Kirkland, Robert Ligon, George Mayes[1], Tyrone Moore, Bobby Noble, Michael Oliver, Gary Presley, Sylvester Ramsey, Joshua Ranson, Kirk Ranson, John Rowland, Steve Scott, Gus Smith, Michael Strong, Ira David Thornton, David Lee Todd, Jason Walker, Joel Watkins, Ronald White and Mark Wilson. (ECF No. 49)

The parties subsequently consented to the dismissal of class members David Lee Todd, Ronald White, Gary Presley, and John Bassi and the Court dismissed these four individuals. (ECF Nos. 50 and 52) On December 8, 2017, Defendants filed a motion to compel or in the alternative motion to dismiss based on the remaining class members failing to participate in noticed depositions. (ECF No. 51) On January 3, 2018, the Court issued an Order granting Defendants' motion to compel and ordering that certain class members appear for a deposition in Anderson County within 45 days of the Order. (ECF No. 55) Pursuant to this Order, the class members had until February 17, 2018, to comply and participate in a deposition. *Id*. The Order warned that non-compliance with the order or failure to show good cause for non-compliance would result in dismissal for failure to prosecute this case. *Id*. at 2.

On January 8, 2018, Defendants' counsel sent letters to all the class members which notified them of the Court's Order and provided them a copy of the Order. (ECF No. 77-1) Defendants' counsel provided the class members with multiple dates to select for their deposition. *Id*. In addition, Plaintiffs' counsel and his staff made numerous telephone calls, emails and/or sent additional letters to these class members. (ECF No.

---

[1] Non-participating class member Mayes, after missing his deposition date and time, was willing to give his testimony. However, evidence demonstrates Mayes did not ride in Southern Concrete work truck as a driver or passenger and thus would not be "similarly situated."

2

78)

As a result of these communications, the following individuals participated in depositions: Jamie Golden, Aaron Fisher and Clyde Kirkland. (ECF Nos. 77 and 78) Chadwick Jones participated in a deposition prior to the Court's Order. *Id*. The remaining class members did not provide or attempt to provide depositions as directed by the Court's Order. *Id*.

On February 26, 2018, the parties filed a Joint Report advising the Court of the status of the depositions and identifying the individuals who had complied with the Court's Order and those who had not complied. (ECF No. 61) On July 27, 2018, Defendants filed a Motion to Dismiss the Non-Participating Class Members. (ECF No. 74) Also of July 27, 2018, the parties filed a Consent Motion for a Status Conference. (ECF No. 75) On July 30, 2018, the Court held a status conference in which the pending deadlines and the pending motions were discussed. At this status conference, the Court requested that Plaintiffs' and Defendants' counsel submit affidavits or declarations related to the communication with the class members related to the Court's Order compelling their participation. (ECF No. 76)

**LEGAL STANDARD**

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order of the Court, the Court may make such orders in regard to such failure as are just, including dismissing the action. Rule 41(b) of the Federal Rules of Civil Procedure also authorizes the Court to dismiss an action for failure to prosecute or for failure to comply with court orders. The decision regarding whether to dismiss a case or party under Rule 41(b) is a matter for the Court's discretion. *Davis v. Williams,* 588 F.2d

69, 70 (4th Cir. 1978).

In determining whether to dismiss the non-participating class members under Rule 41(b), this Court considers (1) the degree of personal responsibility of the individual class members; (2) the amount of prejudice caused the Defendants; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal. *Chandler Leasing Corp. v. Lopez,* 669 F.2d 919, 920 (4th Cir. 1982). These factors are not a rigid test; rather, the Court must consider the particular circumstances of the case. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

## ANALYSIS

The non-participating class members have been provided several opportunities to participate and provide a deposition in this case. Initially, Defendants noticed the deposition of all the class members and only one class member attended the deposition. (ECF No. 51) Most of the class members did not notify Defendants' counsel or Plaintiff's counsel that they would not attend the deposition. *Id*. Defendants' counsel incurred costs for multiple days waiting to determine whether the class members would appear for deposition and they did not appear. *Id*. Defendants moved to compel these class members to participate and the Court granted that motion. (ECF Nos. 51 and 55) In its Order compelling participation, the Court explicitly warned the class members of the consequences of failing to participate in depositions. The Court ordered as follows:

> Any class member who fails to appear for a deposition or fails to show good cause for declining to appear for a deposition within that time will be dismissed pursuant to Rules 37(d) and 41(b) based upon the class members' failure to attend their own depositions and overall failure to prosecute this case.

(ECF No. 55) Despite this warning, only four additional class members appeared for a

deposition.  Therefore, in total only five class members of the conditional class have provided depositions in this case.

Based on the Declarations of Plaintiffs' and Defendants' counsel, the Court finds that reasonable efforts were made to communicate the Court's Order and the consequences of failing to participate in depositions to the class members.  The individual class members who failed to participate in depositions and failed to comply with this Order are personally responsible for their actions.  Defendants have made multiple and significant attempts to obtain deposition from these class members.  Based on Defendants' argument that these class members may not be similarly situated to the representative class member, Phillip Morris, and their desire to move to decertify the class and/or for summary judgment, Defendants will be significantly prejudiced by being denied the opportunity to take these depositions.  The Court finds that there is not an appropriate sanction less drastic than dismissal under these circumstances.  Accordingly, the requirements of Rule 37(b)(2) and Rule 41(b) of the Federal Rules of Civil Procedure have been met.

## CONCLUSION

For the forgoing reasons, Defendants' Motion to Dismiss the Non-Participating Class Members (ECF No. 74) is granted.  The non-participating class members are dismissed with prejudice.  The conditional class is hereby limited and reduced to the following individuals: (1) Phillip Morris – representative class member, (2) Jamie Golden, (3) Aaron Fisher, (4) Clyde Kirkland and (5) Chadwick Jones.

   **IT IS SO ORDERED**               **/s/ A. Marvin Quattlebaum, Jr.**
                                                            United States District Judge
September 4, 2018
Greenville, South Carolina