# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON DIVISION

| | |
|---|---|
| Phillip Morris, individually and on behalf of all others similarly situated,<br>         Plaintiff,<br><br>v.<br><br>Southern Concrete and Construction, Inc., and Kelly Boulware,<br>         Defendants. | Case Number: 8:16-cv-01440-DCC |
| Joshua Ferguson,<br>         Plaintiff,<br><br>v.<br><br>Southern Concrete and Construction, Inc., and Kelly Boulware,<br>         Defendants. | Case Number: 8:18-cv-00942-DCC |

## ORDER AND OPINION APPROVING SETTLEMENT

This matter is before the Court on the Parties' joint motion for approval of settlement (Dkt. No. 92) and an unopposed motion to approve attorney's fees. (Dkt. No. 93). For the reasons set forth below, the Court GRANTS these motions, approves the settlement, and grants Plaintiff's counsel's motion for attorney's fees and costs.

**I. BACKGROUND**

Plaintiff Phillip Morris filed this action on May 5, 2016, alleging two violations of the Fair Labor Standards Act ("FLSA"): (1) that Southern Concrete did not pay Phillip Morris and similarly-situated employees for travel time as a passenger when they traveled back to the Anderson Shop at the end of the work week ("Travel Time Claim"), and (2) that Southern Concrete

did not pay Phillip Morris and similarly-situated employees for time allegedly worked in unloading the work truck at the end of the work week after they returned to the Anderson Shop ("Unloading Time Claim").

Defendant Southern Concrete is a concrete construction company. Defendant Kelly Boulware is the President of Southern Concrete. Southern Concrete performs many concrete jobs on state roads that are managed by the South Carolina Department of Transportation. Southern Concrete performs concrete work throughout the state of South Carolina and sometimes performs work into North Carolina. It has operations and offices in Anderson, South Carolina and Charleston, South Carolina. Defendants allege that the Plaintiffs' travel time was outside of their regular working hours and were not required to pay for this time. Defendants also allege that the agreement it had with employees was that they would be paid for travel time to the job site but not back home because they were not required to return to the Anderson Shop. Defendants deny that any employee unloaded the trucks and were not compensated for any such work time. Defendants deny violating the FLSA and deny that Plaintiff is entitled to any recovery. There are significant issues of law and fact that would need to be decided if this case were to proceed in litigation.

Phillip Morris moved to conditionally certify a class on October 19, 2016. The Court granted conditional certification on June 23, 2017. [Dkt. No. 44]. Notices went out to the potential class members. In response to the notices, 27 individuals joined the conditional class. Defendants subsequently moved to dismiss multiple class members for failure to participate in depositions. This motion was granted on September 4, 2018. [Dkt. No. 79]. Pursuant to this order, the only remaining conditional class members are (1) Jamie Golden, (2) Aaron Fisher, (3) Clyde Kirkland and (4) Chadwick Jones.

On April 17, 2019, the Court issued an order consolidating this case and the case of

Ferguson v. Southern Concrete, 8:18-cv-00942-DCC for purposes of settlement (Dkt. No. 91).

The Parties subsequently filed a motion to approve settlement and motion for attorney's fees and costs.

## II. **LEGAL STANDARD**

Federal courts are responsible for scrutinizing FLSA settlements for fairness. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir.1986) ("[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay. Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay."); *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The FLSA's provisions are generally not subject to waiver, but a district court may approve a settlement if the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

## III. **DISCUSSION**

To determine whether to approve the proposed settlement, the Court must determine (i) whether the award reflects a fair and reasonable compromise over the issues in dispute, and (ii) whether the proposed award of attorneys' fees and costs is reasonable. The Fourth Circuit has not directly addressed what factors courts should consider when analyzing proposed FLSA settlements. Courts tend to follow the Eleventh Circuit's analysis in *Lynn's Food Stores*. *Id.*; *Corominas v. ACI Holdings, LLC*, No. 2:15-CV-4372-PMD, 2016 U.S. Dist. LEXIS 191850, 2016 WL 10520235, at *2 (D.S.C. 2016); *Saman v. LBDP, Inc.*, Civ. No. 12-1083, 2013 U.S. Dist. LEXIS 83414, 2013 WL 2949047, at *2 (D. Md. 2013). Under the analysis outlined in *Lynn's*

*Food Stores*, the Court must determine whether there is a bona fide dispute and whether the proposed settlement is fair and reasonable. *Id*. Plaintiffs allege Defendants failed to pay them certain wages in violation of the FLSA, and Defendants deny those allegations. A bona fide dispute exists.

This Court must consider the following factors to assess whether a settlement is fair and reasonable: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 849 (D.S.C. 2016) *citing Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08CV1310(AJT/JFA), 2009 U.S. Dist. LEXIS 89129, 2009 WL 3094955, at*10 (E.D. Va. 2009).

The Parties have provided the Court with sufficient facts to assess the fairness and reasonableness of the settlements. Defendants have agreed to pay the remaining Plaintiffs more than the amount they claim they are owed. In addition, the Settlement provides for an enhancement payment to Morris and Ferguson as named plaintiffs in their respective cases, and a deposition fee for the other Plaintiffs who participated in depositions.

The Parties have engaged in substantial discovery, including taking the depositions of the Plaintiffs and an analysis of all of the Plaintiffs' time records. The Parties also engaged in arms-length settlement discussions. Given the length of time, the discovery exchanged and the extent to which both Parties' attorneys are familiar with the case, they are in a good position to evaluate

their claims and defenses and the likelihood of success at trial. There is no evidence of fraud or collusion.

All counsel in this case have extensive experience with FLSA litigation. The Parties' experienced counsel believe the settlement represents a fair and reasonable compromise. Finally, the Parties disagree as to the likelihood of success on the merits of the case. In light of the stage of litigation, absence of fraud, the ultimate settlement amount, experience of counsel, and uncertainties as to success on the merits, the Court finds the settlement amount to be fair and reasonable.

Further, the attorneys' fees provisions are reasonable and permissible under the FLSA. The settlement amount, independent of the attorneys' fees and costs, is fair and reasonable under the FLSA. *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.").

Based on the twelve factors articulated by *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), the Court finds that the proposed attorneys' fees are reasonable. (1) Plaintiffs' attorneys and paralegals expended over 124.73 hours litigating the claims (Dkt. No. 93); (2) some of the issues in the case related to regular work schedules and the "travel exception" involve complicated and novel issues; (3) the negotiation of this settlement required skilled counsel given these issues; (4) the Court does not have sufficient information to determine the extent of opportunity costs for Plaintiffs' counsel; (5) the customary fee for 124.73 hours of legal work generally far exceeds $10,888.69; (6) Plaintiffs' counsel expected a fee of well over $46,774.00, exclusive of costs; (7) the Court does not have any information regarding imposed time limitations;

(8) Plaintiffs will recover in excess of the amount of wages they claim they are owed; (9) Plaintiffs' counsel has extensive experience and success in pursuing failure to pay overtime compensation through FLSA litigation; (10) there is no strong indication this case was particularly undesirable other than the number of potential plaintiffs and the potential that many of the potential Plaintiffs may claim a small amount of unpaid wages; (11) this case was first filed on May 5, 2016, and therefore Plaintiffs' attorney and Plaintiffs have a longstanding relationship; (12) the attorneys' fee is commensurate with or below awards in similar cases given the amount of time Plaintiffs' counsel invested in this case and an effective hourly rate of $87.30. Therefore, under the *Barber* factors, the proposed attorneys' fees are reasonable. Finally, when checked against Plaintiffs' attorneys' purported lodestar of $46,774.00, it is clear that attorneys' fees of $10,888.69 are reasonable here.

The Court finds that Plaintiffs' submission of $7,769.41 in out of pocket costs incurred during the litigation is reasonable given the number of Plaintiffs' involved at different stages, significant motions related to non-participating plaintiffs, the depositions taken and attempted in this case, and length of litigation.

The Court finds that the enhancement fees to Phillip Morris and Josh Ferguson as the named Plaintiffs are reasonable and that the deposition fees to the remaining Plaintiffs are reasonable.

Finally, the Parties have requested that the specific amounts provided to each of the Plaintiffs remain confidential. This was a significant factor in the Parties ability to reach a settlement in this case. The Parties have provided through public record the total amount of the settlement and the actual hours the Plaintiffs claim they worked and were not paid, and that the Plaintiffs settlement is in excess of the amount of wages they claim they are owed. The Parties have provided in public documents the full settlement agreements with only the Attachment

showing the specific amounts to each Plaintiffs being provided for in camera review. The Court has granted the Parties request for limited in camera review and finds that sufficient information has been provided through both public record filings and in camera review to determine the reasonableness of this proposed settlement.

## IV. **CONCLUSION**

For the foregoing reasons, the Court GRANTS the Parties' joint motion to approve settlement (Dkt. No. 92) and Plaintiffs' counsel's motion for attorney's fees and costs (Dkt. No. 93). The action is DISMISSED WITH PREJUDICE.

        AND IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Court Judge

May 13, 2019
Spartanburg, South Carolina